IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD OBENAUF,

    Plaintiff,

v.                                                                     No. 10-CV-1004 DJS/LFG

CARDWORKS SERVICING LLC,

    Defendant.

## FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Defendant CardWorks Servicing LLC, a debt collection agency, would not stop calling Plaintiff Richard Obenauf in an attempt to collect a debt owed by someone who had earlier been assigned Mr. Obenauf's home telephone number. It called a total of 38 times. Mr. Obenauf requested, in writing and by a follow up telephone call, that CardWorks stop calling him in an attempt to collect this other person's debt, but CardWorks continued to call. Since CardWorks received Mr. Obenauf's initial written request that it stop calling, CardWorks called 37 more times over 51 days, calling as many times as four times per day. Mr. Obenauf seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and under New Mexico consumer protection law.

### Jurisdiction

2. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337. This Court has supplemental jurisdiction over the state claims and the claim under the TCPA pursuant to 28 U.S.C. § 1367.

## Parties

3. Plaintiff Richard Obenauf resides in Albuquerque, New Mexico.

4. Defendant CardWorks Servicing LLC is a debt collection agency whose principal business is the collection of consumer debts. It regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. It has been engaged by multiple creditors to do so. It is licensed as a collection agency by the New Mexico Financial Institutions Division. CardWorks is "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Facts

5. CardWorks had purchased the debt account it was trying to collect from "Roger" via telephone calls to Mr. Obenauf's home telephone number, or had obtained the right to collect on this account, after the account was in default.

6. Upon information and belief, this account was obtained for personal, family or household purposes.

7. In May 2010, Mr. Obenauf received a new home telephone number.

8. Apparently, someone named "Roger" had been assigned the number before him.

9. Mr. Obenauf spends a significant time at home working on his Ph.D. thesis.

10. On August 6, 2010, Mr. Obenauf received a telephone call from CardWorks at his home telephone number but when he attempted to pick up and talk to someone, the line went dead.

11. Mr. Obenauf discovered that the telephone number used to place the August 6 call belonged to CardWorks and that CardWorks was a debt collector.

12. Mr. Obenauf, having received calls for "Roger" from other debt collectors, decided to try to stop the calls from CardWorks right away so that he would not be disturbed by further calls.

13. In a letter dated August 6, 2010, Mr. Obenauf informed CardWorks that he was not "Roger" and that "Roger" apparently had his telephone number before he had it. In this same letter, Mr. Obenauf stated:

> I am requesting that you cease all communication to my phone (including hang up calls) regarding his debt, as I am not the person you are looking for, but, rather, someone who assumed this other person's number when it was reassigned by the phone company.
> . . .
> Again, you should direct all future correspondence in writing as outlined in the Fair Debt Collection Practices Act (FDCPA) and to cease all communication with me by telephone. Finally, I would like to receive confirmation in writing that you have received this letter and will no longer be contacting me about this other person's debt, or I will be forced to seek further legal action.

14. CardWorks received this letter on August 12, 2010.

15. Nevertheless, since August 12, CardWorks continued to telephone Mr. Obenauf's home telephone number. It has 37 more times over 51 days, calling as many times as four times per day.

16. Many of these telephone calls were hang up calls, where when Mr. Obenauf answered, the call was terminated from the other end of the line before any words were stated and without any opportunity for Mr. Obenauf to talk to anyone.

17. Other times, CardWorks left a prerecorded message asking for "Roger."

18. All the calls placed by CardWorks to Mr. Obenauf's telephone number – a total of 38 calls – were prerecorded message calls.

19. These calls were not for emergency purposes.

20. Mr. Obenauf never gave his consent to CardWorks to telephone him.

21. CardWorks does not have an established business relationship with Mr. Obenauf.

22. Mr. Obenauf's frustration and aggravation grew as each additional call came in from CardWorks.

23. On August 31, 2010, having already received 11 calls after CardWorks had received the August 6 letter, Mr. Obenauf telephoned CardWorks in a second attempt to get the calls to stop.

24. In this telephone call, Mr. Obenauf spoke with "Monica." He informed "Monica" that "Roger" was not at the telephone number – his home telephone number – that CardWorks kept calling. He asked for an address at which to send CardWorks a letter asking that it quit calling his number. "Monica" resisted giving him an address and told him there was no need for him to send a letter since CardWorks would quit calling. When Mr. Obenauf again asked for an address and "Monica" again resisted, Mr. Obenauf asked for a manager. He was placed on hold. When "Monica" finally returned, she said no manager was available and asked Mr. Obenauf if he wanted to leave a voicemail message. When Mr. Obenauf declined and again asked for an address, "Monica" again resisted but finally provided a mailing address.

25. Although the address provided by "Monica" was a different address than the address used on the August 6 letter, Mr. Obenauf did not send a second letter since "Monica" had stated that CardWorks would not telephone him again.

26. However, since the telephone conversation with "Monica," CardWorks has telephoned Mr. Obenauf an additional 26 times.

27. On October 2, 2010, CardWorks telephoned Mr. Obenauf and when he picked up "Erin" was on the line. Mr. Obenauf again asked CardWorks to quit calling him.

28. Since October 2, CardWorks has not telephoned Mr. Obenauf.

29. However, Mr. Obenauf believes it is plausible that CardWorks will telephone him again given that CardWorks continued to telephone him after two prior requests that it stop, with the second request resulting in verbal confirmation from CardWorks that it would stop.

30. CardWorks engages in a pattern and practice of telephoning constantly and up to four time per day, including the use of hang up calls. *See Wallis v. CardWorks Servicing, LLC*, No. 2:10-CV-909 (E.D. Wis.); *Merced v. CardWorks Servicing LLC*, No. 3:09-CV-2028 (S.D. Cal.).

31. As a result of CardWork's conduct, Mr. Obenauf has suffered actual damages, including:

    a. Out of pocket expenses;

    b. Invasion of privacy;

    c. Lost time; and

    d. Aggravation and frustration.

### First Claim for Relief: Violations of the FDCPA

32. CardWork's actions violate the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692d, 1692d(5) and 1692d(6).

33. Mr. Obenauf is entitled to recover statutory damages, actual damages and reasonable attorney fees and costs.

### Second Claim for Relief: Violations of the TCPA

34. CardWork's actions constitute violations of the TCPA, including 47 U.S.C. § 227(b)(1)(B).

35. CardWorks knowingly or willfully engaged in these actions.

5

36. Mr. Obenauf is entitled to recover actual or statutory damages, or actual or statutory damages trebled.

37. Mr. Obenauf is also entitled to injunctive relief.

### Third Claim for Relief: Violations of the New Mexico Unfair Practices Act

38. CardWork's actions constitute unfair or deceptive trade practices within the meaning of the New Mexico Unfair Practices Act ("UPA"), as defined by NMSA 1978 § 57-12-2(D) generally and NMSA 1978 § 57-12-2(D)(14) and (15) specifically.

39. CardWorks willfully engaged in these unlawful trade practices.

40. Mr. Obenauf is entitled to recover actual or statutory damages, actual or statutory damages trebled, plus reasonable attorney fees and costs.

41. Mr. Obenauf is also entitled to injunctive relief.

### Fourth Claim for Relief: Tortious Debt Collection

42. CardWork's actions and inactions constitute unreasonable and tortious debt collection practices in violation of the doctrine enunciated by the New Mexico Supreme Court in *Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970).

43. Mr. Obenauf is entitled to recover actual and punitive damages in an amount to be determined at trial.

### Request for Relief

Mr. Obenauf requests that this Court:

A. Enjoin CardWorks from telephoning Mr. Obenauf or contacting him in any way;

B. Award statutory and actual damages, for violations of the FDCPA;

C. Award statutory or actual damages, trebled, for violations of TCPA;

D. Award statutory or actual damages, trebled, for violations of UPA;

E.  Award actual and punitive damages, for tortious debt collection;

F.  Award reasonable attorney fees and costs; and

G.  Award such other relief as the Court deems just and proper.

Respectfully submitted,

TREINEN LAW OFFICE

ROB TREINEN
500 Tijeras Ave NW
Albuquerque, New Mexico 87102
(505) 247-1980
(505) 843-7129 (fax)